ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2023 APR 18 PM 1:40
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3-22-CR-469-X |
| DON HOGG (4) | |

# PLEA AGREEMENT

Don Hogg, the defendant, Jeffrey T. Hall, the defendant's attorney, and the United States of America (the government) agree as follows:

1. **Rights of the defendant**: The defendant understands that the defendant has the rights:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have the defendant's guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. § 371 (18 U.S.C. § 1347), that is, Conspiracy to Commit Health Care Fraud. The defendant understands the nature and elements of the crime to which the

defendant is pleading guilty, and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

a. imprisonment for a period not to exceed 5 years;

b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

c. a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

d. a mandatory special assessment of $100;

e. restitution to victims or to the community, which is mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

f. costs of incarceration and supervision; and

g. forfeiture of property.

4. **Immigration consequences**: The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. The defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense. Removal and other immigration

consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

5. **Court's sentencing discretion and role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw the defendant's plea if the defendant's sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

6. **Mandatory special assessment**: Prior to sentencing, the defendant agrees to pay to the U.S. District Clerk the amount of $100 in satisfaction of the mandatory special assessment in this case.

7. **Defendant's agreement**: The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction.

8. **Financial Obligations**: The defendant understands that any financial obligation imposed by the Court for restitution, fines, or special assessments is due and payable immediately. In the event the Court imposes a schedule for payment, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. The defendant further agrees as follows:

a. **Financial Disclosures:** Within 14 days of the execution of this plea agreement, the defendant shall submit an accurate and complete personal financial statement under oath to the U.S. Attorney's Office. Upon demand, the defendant shall additional financial documentation and/or financial statements under oath when requested by the USPO, the Court, or the government. Any financial disclosures may be shared between and among the government and the USPO as needed for collection of any financial obligations.

b. **Financial Interviews:** The defendant shall submit to interviews by the government and the USPO regarding the defendant's capacity to satisfy any fine, restitution, or special assessment.

c. **Credit Check:** The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

d. **Asset Preservation:** Until restitution is paid in full by all defendants, the defendant agrees not to transfer any asset in which the defendant has an interest without prior express written consent of the U.S. Attorney, except for: (1) ordinary living expenses necessary to house, clothe, transport, and feed the defendant and those to whom the defendant owes a legal duty of support; and (2) attorney's fees incurred in connection with this criminal case. The defendant

further agrees to fully cooperate with the government in the liquidation of assets to be applied towards any financial obligations imposed in this case. The defendant understands the government will review all financial disclosures submitted and require the defendant to make good-faith efforts toward payment of all financial obligations imposed by this Court.

e. **Treasury Offset Program:** The defendant consents to enrollment upon sentencing in the Treasury Offset Program, at the sole discretion of the government, which would allow for funds otherwise payable to the defendant from any federal agency, including the Internal Revenue Service and the Social Security Administration, to be applied to the defendant's outstanding financial obligations imposed by the Court.

9. **Restitution**: Pursuant to 18 U.S.C. §§ 3663A and 3663(a)(3), the defendant agrees that the Court is authorized to order, and the defendant agrees to pay, restitution for all losses resulting from the offense of conviction and all relevant conduct, in an amount to be determined by the Court. The defendant agrees that, for purposes of this Plea Agreement, restitution for relevant conduct shall include all acts and omissions described in USSG § 1B1.3(a)(1)(A) and (1)(B), as well as all acts and omissions that were part of the same course of conduct or common scheme or plan, regardless of whether the grouping rules in USSG § 3D1.2 might apply to computation of the advisory imprisonment range. The defendant understands, should the Court order that restitution be paid jointly and severally with others who are required to pay restitution for the same loss to victims, that credit may not be received for all payments made by any other person with joint and several liability. The defendant agrees that any restitution ordered to be paid jointly and severally remains the responsibility of the defendant until the respective victim has been paid in full.

10. **Forfeiture of property**: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the indictment or information, or seized or restrained in the investigation underlying the indictment or information, specifically the forfeiture of:

a. $1,070.31 in funds seized from First United Bank and Trust account 102509794 in the name of Connie Jo Clampitt;

b. $9,519.91 in funds seized from First United Bank and Trust account 5630134 in the name of Connie Jo Clampitt;

c. $3,309.02 in funds seized from First United Bank and Trust account 5630290 in the name of CMK and Associates LLC;

d. $222,685.03 in funds seized from MidFirst Bank account 7301004026 in the name of OWG & Associates LLC;

e. $15,977.81 in funds seized from MidFirst Bank account 7474054163 in the name of Connie Jo Clampitt;

f. $46,390.53 in funds seized from Simmons Bank account 135543578 in the name of TLB and Associates LLC;

g. $672,528.33 in funds seized from Bank of Texas account 8096857532 in the name of Barbara Ann Strohl;

h. $125,530.65 in funds seized from Comerica Bank account 7004809633 in the name of Terrance Michael Barnard;

i. $994,542.19 in funds seized from Frost Bank account 609645292 in the name of Rhine Enterprises LLC dba PHR Diagnostics;

j. $42,551.06 in funds seized from Texas Bank and Trust account 754129 in the name of Rhine Enterprise LLC dba PHR Diagnostics;

k. $52,120.00 in United States Currency seized from Terrance Michael Barnard on December 15, 2022;

l. a 1965 Ford Mustang Fastback GT350H, VIN 5F09C804048 titled to Terrance Michael Barnard;

m. a 2013 Shelby GT500, VIN 1ZVBP8JZ2D5225980 titled to Terrance Michael Barnard;

n. a 2021 Lexus GX460, VIN JTJAM7BX3M5271460 titled to the William P Gray SR Revocable Trust;

o. a 2000 Pontiac Trans Am, VIN 2G2FV22G1Y2150151 titled to Terrance Michael Barnard;

p. a 2021 Lexus RX350, VIN 2T2HZMAA3MC183618 titled to the William P Gray SR Revocable Trust;

q. 5 Luxury Watches seized from Terrance Michael Barnard on December 15, 2022 (Rolex Oyster Model #126334 Serial #42KE6665; Rolex GMT-Master II Model #126710 Serial #H41Y3963; Rolex Oyster Model #126334 Serial #IG6V6805; Rolex Oyster Model #126334 Serial #607R64V7; Tag Heuer Carrera WAR201E and WHU0618);

r. the real property commonly known as 11225 S 90th East Avenue, Bixby, Oklahoma 74008 and legally described as: Lot Fourteen (14), Block Two (2), Amended Southwood Extended, an Addition in Tulsa County, State of Oklahoma, according to the recorded plat thereof; owner of record: William P. Gray, Sr., Trustee of the William P. Gray, Sr. Revocable Trust;

s. $292,139.36 in funds seized from Simmons Bank account 135543454 in the name of Galaxy Associates LLC;

t. a 1970 Dodge Challenger R/T, VIN JH23N0B388775, titled to Terrance Michael Barnard;

u. the real property commonly known as 110 Wade Street, Terrell, TX 75160, Kaufman County and legally described as: Country Club manor, Block B, Lot 6; & House, a subdivision of part of the R.B. Redding Survey of Kaufman County, Texas, according to a correct plat of said subdivision recorded in Volume 304, Page 566, Deed Records, Kaufman County, Texas; owner of record: William P. Gray, Sr. Revocable Trust;

v. a 1964 Chevrolet Nova II, VIN 40211N167589, titled to Terrance Michael Barnard;

w. a 1969 Plymouth Road Runner, VIN RM23H9G130755, titled to Terrance Michael Barnard;

x. a Ford F100, VIN F10V5P21370, titled to Michael Rytlewski Mathias.

The defendant agrees that this property is subject to forfeiture under 18 U.S.C. § 982(a)(7). The defendant agrees to the entry of a forfeiture money judgment of $7,288,383.65.[1] This amount is the value of property of the gross proceeds the defendant obtained from the offense that is not available for forfeiture because of the defendants acts or omissions. The defendant agrees that such property 1) cannot be located upon the exercise of due diligence; 2) has been transferred or sold to, or deposited with, a third party; 3) has been placed beyond the court's jurisdiction; or 4) has been commingled with other property which cannot be divided without difficulty as provided under 21 U.S.C. § 853(p). Payments toward the forfeiture judgment shall be made to the United States Marshals Service, 1100 Commerce Street, Room 1657, Dallas, Texas 75242, 214-767-0836. The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the

[1] The amount of the forfeiture money judgment will be offset by the value of the specific assets that are forfeited.

government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

11. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending Information. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

12. **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

13. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea

agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

14. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

15. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

16. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 18th day of April, 2023.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

R. Hunter
RENEE M. HUNTER
Assistant United States Attorney
Texas State Bar No. 24072942
1100 Commerce Street, Suite 300
Dallas, Texas 75242
Tel: 214-659-8798
Email: renee.hunter@usdoj.gov

Chad E Meacham
CHAD MEACHAM
Section Chief

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Don Hogg
DON HOGG
Defendant

4/18/23
Date

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

Jeffrey Hall
JEFFREY T. HALL
Attorney for Defendant

4/18/23
Date